**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:11CR19** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| **SHARON ROSE LASLEY,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 35) issued by Magistrate Judge F.A. Gossett recommending that the motion to suppress (Filing No. 25) filed by the Defendant, Sharon Rose Lasley, be denied. Lasley filed a statement of objections to the Findings and Recommendation and a supporting brief (Filing Nos. 40, 41) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). The government filed a responsive brief (Filing No. 42).

Lasley was last charged in a Superseding Information with assault on an Indian reservation resulting in serious bodily injury (Count I) and assault with a dangerous weapon on an Indian reservation (Count II). She seeks the suppression of evidence obtained as a result of an interview on February 3, 2011.[1]

Following an evidentiary hearing, Judge Gossett issued oral findings of fact and conclusions of law and a written Findings and Recommendation. Judge Gossett concluded: the August 11, 2010, *Miranda* waiver and statement were voluntary; the

---

[1] Although Lasley also gave a statement on August 11, 2010, she only seeks suppression of her February 3, 2011, statement. The government has stated that Lasley made no incriminating statements on the date of her arrest, January 28, 2011, and it will not use any statements made on that date.

February 3, 2011, waiver of rights and statements were voluntary; and the statement given on February 3, 2011, was admissible considering 18 U.S.C. § 3501(c) and Federal Rule of Criminal Procedure 5. In considering the February 3, 2011, statement, Judge Gossett concluded that although the statement was made more than six hours following Lasley's arrest on the fedferal charge, the delay in bringing her before a magistrate judge was "reasonable." Judge Gossett therefore recommends that the motion to suppress be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the Findings and Recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendation. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## FACTUAL BACKGROUND

Judge Gossett provided an oral statement of facts. The Court has considered the transcript of the hearing and carefully viewed the evidence. There are no objections to Judge Gossett's factual findings and, based on the Court's de novo review of the evidence and arguments, the Court adopts his factual findings in their entirety.

After an incident in which the victim in this case was injured on the Omaha Indian reservation in Nebraska, on August 10, 2010, Lasley was placed in an investigative hold and held at the tribal jail in Macy, Nebraska. The F.B.I. was notified, and, on August 11, 2010, F.B.I. agents Howard and Smith took Lasley's statement after she executed a written

waiver of her *Miranda* rights. Lasley made incriminating statements, but said that she did not have a good recollection of the events that occurred because she had been drinking.

On January 19, 2011, Lasley was indicted in this Court. She was arrested on the federal Indictment on Friday, January 28, 2011, at approximately 10:00 or 10:30 a.m., at her residence. After conducting some brief investigative work with Lasley, Special Agent Jeff Howard picked up two other persons at the Macy jail who were to be brought to Omaha along with Lasley for their initial appearances. He did not intend to bring them to Omaha that day because, as a general rule, defendants are to be presented in Omaha by 10:00 a.m. for matters such as processing through pretrial services before their initial appearances. The closest jail with a federal contract and room for all three prisoners was in Elk Point, South Dakota, located approximately 15 to 20 miles north of Sioux City. Agent Howard told that Tuesday, February 1, 2011, would be the date for initial appearances for all three defendants. A Tuesday initial appearance for a defendant arrested on a Friday was not unusual, in Agent Howard's experience. There is no evidence as to why Monday, January 31, 2011, was not chosen as the date for the initial appearances.[2]

On February 1, 2011, on his way to pick up the prisoners at 7:00 a.m., Agent Howard determined that under the circumstances, including a bad snow storm, dangerous roads, and the lack of winter clothing provided to the prisoners, that it would not be safe to attempt to drive the prisoners to Omaha that day for their initial appearances. Agent Howard contacted a judge's secretary at the federal courthouse in Sioux City, Iowa, about

---

[2]The evidence does not indicate that lack of a hearing on Monday, January 31, 2011, caused either party any concern. That concern appears to have arisen only in conjunction with the continuance from February 1, 2011, to February 3, 2011, and the filing of the motion to suppress.

3

conducting initial appearances there.  However, he was told that the marshals had "issues," because the defendants were charged in Nebraska and the Sioux City courthouse is in Iowa.[3]  This information was relayed to Semisch, who had received a new date of February 3, 2011, for the initial appearances.  In order to continue the appearances until February 3, 2011, Semisch had called Mary Beth McFarland, Judge Thalken's courtroom deputy, who contacted Judge Thalken to obtain a hearing date and time.  When McFarland spoke again with Semisch, Semisch asked whether Judge Thalken knew that Lasley had been arrested on Friday, January 28, 2011.  McFarland contacted Judge Thalken again and told him when Lasley was arrested, and Judge Thalken again instructed McFarland to schedule the initial appearance on Thursday, February 3, 2011.  Agent Howard testified that he did not request a continuance to conduct further interviews with Lasley.  He did, however, want to question her more on the way to Omaha about some things that she had said at the time of her arrest.

On February 3, 2011, Agent Howard picked up the three defendants.  Lasley was seated in front with him while the other two defendants slept in the back seat.  He did not have a written *Miranda* waiver with him, but he verbally re-advised Lasley of her rights.  He asked if she was willing to speak to him without an attorney, but he did not remind her that if she could not afford an attorney one would be appointed for her.  However, she told him she remembered her rights being read from the prior occasion on August 10, 2010, and

---

[3]Under Federal Rule of Criminal Procedure 5(c)(1)(A), because the alleged offense occurred in Nebraska and Lasley was arrested in Nebraska, she would be required to make her initial appearance in Nebraska.

she knew her rights.  Agent Howard interviewed Lasley for approximately thirty minutes of the two hours they spent driving to Omaha.

## ANALYSIS

Federal Rule of Criminal Procedure 5 provides:

**(a)   In General.**
   **(1)   *Appearance Upon an Arrest.***
      (A)   A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise.

   . . . .

**(c)    Place of Initial Appearance; Transfer to Another District**
   **(1)   *Arrest in the District Where the Offense Was Allegedly Committed.***  If the defendant is arrested in the district where the offense was allegedly committed:
      (A)   the initial appearance must be in that district; and
      (B)   if a magistrate judge is not reasonably available, the initial appearance may be before a state or local judicial officer.

18 U.S.C. § 3501(c) provides:

> In any criminal prosecution by the United States or by the District of Columbia, a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate judge or other officer empowered to commit persons charged with offenses against the laws of the United States or of the District of Columbia if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest or other detention: *Provided,* That the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate judge or other officer beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate judge or other officer.

Under *McNabb v. United States,* 318 U.S. 332 (1943), and *Mallory v. United States,* 354 U.S. 449 (1957), the "McNabb-Mallory rule," suppression of a accused's statement was required if there was an unreasonable delay in bring the individual before a magistrate judge. *Corley v. United States,* 129 S. Ct. 1558, 1562 (2009); 1 CHARLES A. WRIGHT & ANDREW D. LEIPOLD, FEDERAL PRACTICE AND PROCEDURE, § 72, AT 163 (2008). The rule was controversial as its focus was more on delay than voluntariness, and the result was the enactment of 18 U.S.C. § 3501 as part of the Omnibus Crime Control and Safe Streets Act of 1968. Section 3501 refined, but did not replace, the McNabb-Mallory rule. *United States v. Pugh,* 25 F.3d 669, 675 (8th Cir. 1994); 1 CHARLES A. WRIGHT & ANDREW D. LEIPOLD, § 72, AT 163. In pertinent part, § 3501(c) states the "safe harbor rule": unless a confession given within six hours of arrest is otherwise involuntary, it is admissible. Rule 3501(c) also states that a confession given more than six hours after arrest may be admitted if the delay was reasonable. 1 CHARLES A. WRIGHT & ANDREW D. LEIPOLD, § 72, AT 165. Since the enactment of § 3501, while the importance of prompt presentment to a magistrate judge under Rule 5(a) "has diminished over time, it can still merit judicial attention in an appropriate case." *Id.* at 176. The focus now is with voluntariness rather than delay. *United States v. Van Lufkins,* 676 F.2d 1189, 1193 (8th Cir. 1982).

The issue in Lasley's case is whether the delay, between January 28, 2011, and February 3, 2011, in bringing her before a magistrate judge was reasonable. In her objections to the Findings and Recommendation, Lasley argues that Judge Gossett failed to address the issue of the failure to bring Lasley before a magistrate judge between her arrest on January 28, 2011, and January 31, 2011, the day before the storm and the scheduled initial appearance. However, in stating his conclusions of law Judge Gossett

6

stated :[a]pproximately 140 hours delay are involved." (Filing No. 101:16-17.) Therefore, Judge Gossett did consider the entire time period from the date of Lasley's arrest on January 28, 2011, through the date of the initial appearance on February 3, 2011.

There is little precedent to aid in the determination of what constitutes a reasonable delay. However:

> Whether there has been an unreasonable delay in the initial appearance is of course a fact-driven inquiry, and it is difficult to generalize from the limited precedent. The central question is not simply how many hours passed before the first appearance, but rather what steps were being taken during those hours to comply with Rule 5. Stated differently, it is the need for the delay rather than its length that is controlling.
>
> If the reason for the delay was to extract the confession from the accused, this is plainly contrary to the purpose of Rule 5, and will weigh heavily against a finding of voluntariness. . . . The physical condition of the arrested person sometimes necessitate[s] a delay in the first appearance, such as when the arrestee was drink or otherwise impaired. . . . And as the statute explicitly provides, a reasonable delay caused by the need to transport the accused from the place of arrest to the court will extend the period for the first appearance.
>
> . . . . The fact that a magistrate judge is unavailable can be a reasonable grounds for delay . . . . Courts have not required that law enforcement make use of state or local officers to avoid a finding of unnecessary delay.

1 CHARLES A. WRIGHT & ANDREW D., § 73, AT 179-87 (footnotes omitted).

Taking Rule 5, § 3501(c), the factors discussed above, and the record in Lasley's case into consideration, the Court concludes that the delay in bringing her before the magistrate judge was reasonable and her statement on February 3, 2011, was voluntary and admissible. The uncontroverted evidence is that the delay was not for the purpose of obtaining another confession. The agent and the Assistant United States Attorney contacted the magistrate judge's chambers on a Friday in accordance with their usual

procedure and, not unusually, were given a date on the following Tuesday for an initial appearance. Lasley was arrested too late in the day on Friday to allow for her transportation and processing on the same day. Additionally, she was to be brought to Omaha with two other defendants from some distance. Lasley was not brought to Omaha later on January 28, 2011, because she would have arrived too late for the required processing that precedes an initial appearance. The evidence does not state why the appearance was not scheduled for Monday, January 31, 2011, but a reasonable inference is that a magistrate judge was not available until Tuesday, February 1, 2011, and the evidence shows that it was not unusual to have a Tuesday initial appearance for a defendant arrested the previous Friday. There is no requirement, even under Rule 5(c)(1)(B), that a defendant be presented to a state court judge in the absence of a federal magistrate judge. The delay between February 1, 2011, and February 3, 2011, is certainly reasonable and well documented in the record. Road conditions and the lack of warm clothing for the three defendants, and the possibility of more bad weather on February 2, 2011, certainly explain that delay. In summary, in viewing the facts of this case, the need for the delay is obvious and the number of hours are of little consequence. The delay between Lasley's arrest on January 28, 2011, and February 3, 2011, was reasonable.

Turning to the voluntariness of Lasley's February 3, 2011, statement, the only potential deficiency was the lack of repeated advice that an attorney would be appointed for her if she could not afford an attorney. While it would have been preferable for Agent Howard to have had Lasley sign a second written *Miranda* waiver, and government agents who interview suspects ought to have waiver forms available, Lasley stated that she knew her rights, and Agent Howard verbally re-advised her of them, with the noted exception.

Lasley has had previous contacts with law enforcement as shown in Exhibit 2 and, therefore, she was no stranger to *Miranda* rights. Taking all of the relevant factors into consideration, her statement on February 3, 2011, was voluntary.

Finally, the Court addresses Lasley's objection that Judge Gossett's conclusion that she would have agreed to speak with Agent Howard whether he would have approached her on January 28 through 31, 2011, is speculation. The Court has scrutinized Judge Gossett's oral findings of fact and conclusions of law and does not see this finding of fact in the transcript. (Tr. 92-102.)

## CONCLUSION

For the reasons discussed, Lasley's February 3, 2011, statement was voluntary and the delay between January 28, 2011, and February 3, 2011, was reasonable. The motion to suppress will be denied.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 35) is adopted;

2. The Defendant's objections to the Findings and Recommendation (Filing No. 40) are overruled;

3. The Defendant's motion to suppress (Filing No. 25) is denied.

DATED this 29th day of April, 2011.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge